IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RASHON PRATT | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JKB-17-70 |
| HOWARD COUNTY POLICE DEPT., | * | |
| K. JAMES-WINTJEN, | | |
| J. MOUTON, | * | |
| CPL. DUNCAN, | | |
| CPL. WEBER, | * | |
| D. TUBMAN, | | |
| A. JOHNSON, | * | |
| DARIO J. BROCCOLINO, and | | |
| COLLEEN E. McGUINN | * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM

The above-entitled complaint was filed on January 9, 2017, together with a motion to proceed in forma pauperis. Because plaintiff appears indigent, the motion shall be granted.

Plaintiff is incarcerated at the Chesapeake Detention Facility where he is awaiting trial on federal criminal charges of human trafficking. *See United States v. Pratt*, Criminal Case RDB-16-165-2 (D. Md.). The instant complaint concerns plaintiff's claims that Howard County Police and State's Attorneys violated his Fourth Amendment rights when he was arrested, detained, and his cell phone was searched and seized by police. The criminal charges against plaintiff in the Circuit Court for Howard County were closed with a nolle prosequi status. *See State v. Pratt*, Case Nos. 13K15056151, 1T00093738 (Cir. Ct. Howard Co.).[1]

Plaintiff's claims as to State's Attorneys Broccolino and McGuinn must be dismissed. Maryland's State's Attorneys are quasi-judicial officers who enjoy absolute immunity when

---

[1] http://casesearch.courts.state.md.us/inquiry

performing prosecutorial, as opposed to investigative or administrative functions. *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976). Absolute immunity is designed to protect *judicial process*, thus the inquiry is whether a prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 423-23). The decision as to "whether and when to prosecute" is "quasi-judicial," therefore, defendants Broccolino and McGuinn are entitled to absolute immunity. *See Lyles v. Sparks*, 79 F.3d 372, 377 (4th Cir. 1996).

Plaintiff's remaining claims must be dismissed without prejudice. The legality of plaintiff's arrest and related search and seizure are currently pending before this court in the context of his criminal case. A motion to suppress evidence is pending in the criminal case and a trial on the merits has not yet occurred. *See United States v. Pratt*, Criminal Case RDB-16-165-2 (D. Md.) at ECF 67, 109. Moreover it is clear that the pending charges in this court emanate from the same investigation, arrest, and detention that occurred under the authority of state officials. A civil claim, such as the one stated in the instant complaint, that implicates the validity of an ongoing criminal prosecution may not be pursued for the same reason a civil claim cannot be pursued that implicates the validity of a criminal conviction that has not been overturned. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (42 U.S.C. § 1983 claims impugning the legality of criminal conviction not cognizable unless conviction is reversed); *see also Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (*Heck* precludes claims that necessarily imply the invalidity of the judgment). Thus, the claims against the remaining defendants shall be dismissed without prejudice. A separate order follows.

January 20, 2017                                    _____/s/_____
Date                                                        James K. Bredar
                                                            United States District Judge